# Mengas' Appeal.

For course of proceeding by *auditors*, and the mode of practice with regard to such reports, see the opinion in this case.

APPEAL from the decree of the Orphans' Court of *Northumberland county.*

This was an appeal by John Mengas, administrator *de bonis non* of the estate of Solomon Mengas, deceased, from the decree of the Orphans' Court, upon the report of an auditor on the account of David Lloyd, administrator of the said estate.  In the opinion of LOWRIE, J., filed July 27, 1852, the course of proceeding which should be pursued by auditors is indicated, and a mode of practice in regard to their reports recommended.  Also, certain principles of law applicable to such reports are stated.

The opinion was, *inter alia*, as follows:—

1. The purpose for which an auditor is appointed should be distinctly stated in the order of reference.  The usual purpose being to state an account, to report facts, and to report facts with his opinion thereon; and these purposes indicate the duty to be performed by him.

[Mengas' Appeal.]

2. The Court that appoints him may review his report on exceptions filed thereto, and cannot properly set aside or modify it except for errors of fact or law specifically excepted to in proper time. (See 5 *Barr* 413, Stehman's Appeal.)

3. For reasons that would justify the granting of a new trial by jury, the Court should remand the case for rehearing and report to the same auditor; and if the rehearing be for reasons personal to the auditor, then another may be substituted in his place. The Court will itself correct such palpable errors as arise from mere mistake of computation.

4. In general it is his duty, when requested, to report all the facts and inferences of facts that are necessary to sustain the conclusion at which he arrives. Except when appointed to report the evidence, he does not perform his duty by returning the testimony taken by him, and the Court does not look at the evidence, unless the report is excepted to for some facts specially alleged to be untruly found by the auditor.

5. Where evidence is offered and objected to, and he is desired to note it for the opinion of the Court, he should distinctly state the offer and its purpose, and the objection thereto and his ruling thereon. In some cases he can also state how the report should be in case the evidence has been erroneously admitted or reported by him. And it may be very proper in some cases to report the question of evidence to the Court for decision, and suspend the proceedings until it is decided.

6. In stating an account he is not obliged to state the facts upon which he finds the several items to be correct, unless he be specifically requested so to do by the party objecting to the item, and no general request as to all or several items should be regarded.

7. The Supreme Court inquires only into errors actually committed by the Court below, and does not look at the report but for the purpose of ascertaining what exceptions were taken to it below, and how they were decided. No new matter can be assigned for error there, otherwise they might reverse the Court for matter never decided by them, which is not the province of a Court of error. The errors assigned should distinctly allege error in the Court below in deciding upon certain specified exceptions taken to the report.

8. Where facts have been found by the auditors and approved by the Court below, the case must manifest most flagrant error, in order to justify the Supreme Court in interfering with the report. Even on appeal, as distinguished from a writ of error, they cannot properly be called upon to try questions of fact.

9. Where facts have been found and are thus excepted to, the Court, if they cannot approve the report, may, at the request of either party, order a jury trial, and then the very facts upon which the legal conclusion depends should be distinctly and severally

[Mengas' Appeal.]

stated in the issue, so that there can be no dispute as to what is to be found. But the Court may itself correct the report.

10. It is very proper for the auditor to aid the Court by giving the reason for his judgment, but when he does so, it is more regular to annex his opinion to, than to embody it in his report.

11. He should take sufficient notes of all testimony taken before him, and annex the same to his report, unless where the practice of the Court requires him to return the same for the inspection of the Court, in case his report of facts be excepted to.

12. Every exception to a report should point specifically to the very error complained of, otherwise it cannot properly be noticed. General exceptions display a want of skill, and also imply that no particular error has been discovered.

13. An excellent rule for securing a careful and well considered report and preventing frivolous exceptions, is the usual chancery rule, adopted by the Supreme Court, and by some of the subordinate Courts, which is, that the auditor shall give the several parties ten days notice that his report is ready for signing, that they may have an opportunity of excepting to it before him. If it be thus excepted to, he reconsiders, and, if necessary, amends his report before filing it, and no exceptions are noticed in the Court that were not filed before the auditor. Thus no report can be set aside except on points to which the auditor's attention has been directed, and then the same point is distinctly presented to the Court below, and reviewed by them. We think the rule is of sufficient value to recommend itself for general adoption.