## F. J. WALL v. J. B. KNAPP ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY.

Argued March 19, 1890—Decided March 31, 1890.
[To be reported.]

1. Although the act of April 6, 1869, P. L. 725, authorizing the reference of civil actions in Bradford county, and its supplement, do not expressly direct that notice of the filing of the referee's report shall be given to parties or their counsel, its provisions contemplate that time and opportunity shall be afforded for its examination, and for the correction. before the referee of any errors, either in the findings of fact or in the conclusions of law, and for excepting to the report as revised.

2. Wherefore, upon a proper construction of the act, it is error for a referee to file his report and have judgment entered thereon, without first notifying the parties or their counsel that it is ready for filing, and giving them an opportunity to inspect it and to apply to him for such corrections; but, even if the construction of the act were doubtful, it is the duty of the court so to mould the course of proceedings under it, as to make them conform as nearly as possible to the principles of the common law.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 170 January Term 1890, Sup. Ct. ; court below, No. 188 April Term 1889, C. P.

On February 19, 1889, F. J. Wall brought assumpsit against Julius B. Knapp and William M. Bailey, executors of S. P. Allen, deceased, to recover the sum of $350 alleged to have been furnished by the plaintiff to the defendants' testator, in his lifetime, and used by the latter in the purchase, as the plaintiff's agent, of a mortgage against the plaintiff's brother-

in-law, James T. Adams, claiming that Allen took an assignment of the mortgage in his own name, and so held and claimed to hold it at the time of his death.    The defendant's plea was non assumpsit.

By agreement of the parties the cause was referred to *Mr. D. W. Brown*, under the act of April 6, 1869, P. L. 725, extended with additions to Susquehanna county, by act of January 20, 1870, P. L. 85.    By entry upon the record, May 18, 1889, at 10 o'clock A. M., was designated as the time for the hearing before the referee, at his office, and service of notice thereof was accepted by the respective attorneys of the plaintiff and defendants.

On July 29, 1889, the referee filed a report, finding certain facts and concluding as follows :

" Upon consideration of the whole case, the referee is of opinion that plaintiff is entitled to recover one hundred and seventy-five dollars ($175), with interest from May 17, 1888; and judgment is therefore entered for the plaintiff and against the defendants for one hundred and eighty-seven dollars and sixty cents ($187.60) and costs, with interest from July 29, 1889."

Upon the filing of said report, the prothonotary the same day entered upon the docket the judgment specified therein. The record did not show the giving of any notice to the defendants' counsel, at any time, either that the report was ready for filing, or that it had been filed.    On January 4, 1890, the defendants took this appeal, specifying, inter alia, that the referee erred :

1. In not giving notice to the counsel for the defendants of the time of filing his report.

2. In filing his report, and having judgment entered thereon by the prothonotary, without previous notice to the defendants' counsel.

3. In not giving notice to defendants' counsel before filing his report, thus depriving them of the right of filing exceptions.

11. In that the report is defective, the findings of fact and conclusions of law not being separate, full and distinct.

*Mr. G. P. Little* (with him *Mr. R. B. Little*), for the appellants :

Arguments.

1. The judgment entered on the report is illegal, and should be set aside, for the reason that no notice of the filing of the report was given. Such notice is essential under the act of May 14, 1874, P. L. 166, and the provisions of that act, and those of the statutes under which the referee acted, are similar in their substance, and their administration is to be governed by the same principles: Marr v. Marr, 103 Pa. 463; Butterfield v. Lathrop, 71 Pa. 229. The course of proceedings under special acts of this kind should be so moulded as most nearly to conform to the common law, and to be regulated by the principles and rules that are most familiar to all: Thornton v. Insurance Co., 71 Pa. 234. Notice is necessary to sustain a judgment in a cause referred under the act of April 6, 1869, P. L. 725: Wilson v. Morrison, 1 Kulp 67.

2. As that act fixes no time within which the referee shall file his report, and the supplement of January 20, 1870, P. L. 85, extending it to Susquehanna county, provides that the prothonotary shall enter judgment upon the filing of the report, and no exceptions thereto shall be filed later than within ten days after that time, it is very important that the parties shall have notice when the report is ready for filing; otherwise, the referee, by mistake or design, could deprive them of the right to file exceptions. In this case, the defendants were exactly in that position, the judgment having been entered a long time before their counsel had knowledge of it. The requirement in § 4 of the act of 1869, that the referee shall "state the facts found, and conclusions of law separately," contemplates what is equivalent to a special verdict: Butterfield v. Lathrop, 71 Pa. 225; Marr v. Marr, 103 Pa. 463. As to the essentials of a special verdict, see Morse v. Chase, 4 W. 456; Wallingford v. Dunlap, 14 Pa. 31. In this case, there are no conclusions of law, and the decision is rendered upon a statement of facts, which does not warrant the judgment and would be bad as a special verdict.

*Mr. D. T. Brewster,* for the appellee:

1. Knowledge that the judgment was to be entered is not denied, and the question raised is simply whether the record must show notice to counsel before the referee can legally file his report and the prothonotary can enter judgment thereon.

Opinion of the Court.

A righteous judgment should not be reversed upon the technical ground assumed by the appellants. But their position is not well taken. In every case cited by them, wherein notice was treated as essential, there was a statutory provision prescribing it, and there is no such provision in the acts governing Susquehanna county. Under § 5, act of April 6, 1869, P. L. 725, judgment is to be entered in the same manner as if the action had been tried by the court before a jury, and in such case the defendants would not have been entitled to notice that the prothonotary was about to enter judgment.

2. Nor is notice a prerequisite to the entering up of a judgment note, under the act of February 24, 1806, 4 Sm. L. 278, the provisions of which are very similar to those of the statutes under which the referee acted. The appellants' counsel fail to specify any omissions in the finding of facts. They complain that there are no conclusions of law in the report, but the record shows a judgment that is entirely satisfactory to us as a conclusion of law, and it shows sufficient facts to sustain this judgment. Of the assignments of error, the tenth is the only one according to rule. As the defendants never excepted to the report or judgment, there is nothing regularly before this court to review: Butterfield v. Lathrop, 71 Pa. 225.

OPINION, MR. JUSTICE STERRETT:

The subject of complaint, in the first three specifications, is that no notice was given either of the completion or filing of the referee's report, or the entry of judgment thereon and that defendants were thereby deprived of the opportunity of excepting thereto before it was filed, or afterwards, within the time required by the act of April 6, 1869, and supplement thereto, under which the referee acted. It appears that May 18, 1889, was fixed for hearing before the referee, and notice thereof was accepted by attorneys for both parties; but it does not appear, by the record or otherwise, when the hearing was concluded, or that notice for any purpose was thereafter given. It is contended by the appellee that no notice is required by the act; that, upon completion of the referee's report, it may be forthwith filed, and judgment entered thereon,—as appears to have been done in this case,—without affording either party an opportunity of inspecting it, and applying to the referee for the

correction of errors, if any there be, in his findings of fact or conclusions of law, etc.

It is true the act does not, in express terms, direct that notice shall be given; but its provisions contemplate that time and opportunity shall be afforded for examination of the report, and correction of such errors as are liable to occur during the course of trial, and making up a report thereof, and for excepting to the latter as revised. The second section of the act says : " The trial by the referee shall be conducted in the same manner as a trial by the court with a jury, and on notice of the time and place to be fixed by the referee." Section 3 declares: " The referee shall have the same power to grant adjournments, and to allow amendments to any pleadings, as the court," etc. The fourth section provides that the "referee shall state the facts found and the conclusions of law separately, and his decision shall be given and may be excepted to and reviewed in like manner as though tried by the court with a jury, but not otherwise ; and the said referee may in like manner as the court settle a case or exceptions on appeal or writ of error to the Supreme Court." The next section declares " the report of the said referee upon the whole issue shall stand as the decision of the court, and judgment shall be entered in the same manner as if the action had been tried by the court before a jury," etc.

It is very evident, from the provisions above quoted, that the dual position of judge and jury, occupied by the referee, makes it his duty, as judge, to conduct the trial, decide all questions of law that arise during the course of the trial, and, as a jury, to determine all material questions of fact that are raised by the evidence. It is further his duty to prepare an accurate report, setting forth separately and distinctly each finding of fact and his conclusions of law ; and, generally, to see that the course of the trial, from its inception to the filing of his report in the prothonotary's office and entry of judgment thereon, conforms as nearly as may be to trial " by the court before a jury." This is clearly not done when the referee, immediately on completion of his report, files the same, and causes judgment to be entered thereon without such notice, by adjournments to a day certain or otherwise, as will afford the parties an opportunity for inspection of the report, filing exceptions,

and applying for the correction of errors either in the findings of fact or conclusions of law. As in the case of a trial by jury, the unsuccessful party has a right to apply to the court for the correction of alleged errors, etc., by motion in arrest of judgment, or for a new trial, so either party before a referee has a right to examine the report, and be heard on an application for similar relief. Indeed, it is even more necessary in a reference, under the act in question, than in a case tried by jury in court. The findings of fact by the referee constitute the case upon which final judgment must be entered, and hence it is all important that they should be not only accurate, but also full and complete. They take the place of a special verdict of a jury, with this important difference, that the referee has full power and authority to modify or correct his findings of fact, if on further examination he deems it necessary.

The practice evidently contemplated by the act of 1869 is substantially the same as that required by our equity rules, and now generally observed in all properly conducted audits, viz., that the auditor shall give the several parties ten days' notice that his report is ready for filing, so that they have an opportunity of excepting to it before him. If exceptions are filed, he reconsiders, and, if necessary, amends his report before filing it, and no exceptions are noticed in court that are not filed before him. Thus no report can be set aside except on points to which the auditor's attention has been directed : Mengas's App., 19 Pa. 221, 223. It is also in harmony with the practice that is now expressly required by the supplement of May 4, 1889, to the general referee act of 1874, P. L. 80.

We are of opinion that, upon a proper construction of the act of 1869, the learned referee erred in not notifying the defendants that his report was ready for filing, etc. If it were even doubtful, as was said by Justice SHARSWOOD in Thornton v. Insurance Co., 71 Pa. 234, "it is our duty to mould the course of proceeding under the special acts providing for the reference of civil cases, so as most nearly to conform to the common law, and to be regulated by principles and rules most familiar to all."

In thus reversing the judgment for want of notice to the parties, it is unnecessary to refer to other specifications bearing on the supposed merits of the defence, further than to say that

Statement of Facts.

some of the findings of fact are not as full and specific as they should be, but that can be remedied in the revised report. The case, however, is one that ought to be settled by the parties themselves without further litigation.

> Judgment reversed, and cause remanded for further proceedings before the referee in accordance with the foregoing opinion.