## Desiderio's Estate

*Hyman Zuckerman,* for exceptants.
*Frank Carano,* contra.

LADNER, J., May 19, 1939.—Rule 1 (*F*) II of the Orphans' Court Rules requires exceptant's brief to include "a copy of the adjudication . . . to which exceptions have been filed". This rule has not been complied with. Moreover, the exceptions are general and not specific. General exceptions, it was said in Mengas' Appeal, 19 Pa. 221, 223, "display a want of skill, and also imply that no particular error has been discovered." Exception no. 2, for example, reads: "The Honorable Auditing Judge erred in overruling the objections of Joe Desiderio, creditor herein, to the admission of testimony with respect to the items contained in the supplemental account."

It is elementary that such an exception should quote from the record the question propounded, the objection as made and the ruling of the court thereon; and where evidence alleged to be improper is admitted it should be set forth in extenso or at least paraphrased with a reference to the pages of the notes of testimony where it can be found. The rest of the exceptions are equally defective in failing to set forth specifically the findings of fact or law that are excepted to: Henderson's Estate, 29 D. & C. 1.

Rules of practice and procedure are not adopted for the purpose of putting the bar to unnecessary trouble but to enable the court to dispose of its business with dispatch. Here the omission of the adjudication from the briefs required each of the six judges to wait until the original record could be sent them in turn. Failure to follow the rules of practice warrants dismissal of exceptions without consideration of the merits.

To avoid such consequence we have in some cases waived such noncompliance with our rules and disposed of them on the merits after calling attention of counsel to the omission. If such leniency continues to be misunderstood we may find it necessary to enforce strict observance with our rules by more drastic means. With this warning we have concluded once more to dispose of the exceptions on the merits.

The question here sought to be raised by the exceptions is whether the auditing judge erred in allowing an accountant, who was surcharged with the net income derived from the operation of a small bakery, credits aggregating $275.32 for expenditures incurred during his conduct of the business.

So far as the learned auditing judge's findings are based upon matters of fact we see no reason to disturb them for they are entitled to the weight of a verdict of a jury: Miller's Estate, 279 Pa. 30; Hollins' Estate, 29 D. & C. 307. Nor do we have any hesitation in approving

his legal conclusion that exceptant cannot claim the receipts garnered from the conduct of a business and refuse to allow credit for the expenses which in effect gave rise to them.

The whole adjudication shows that the learned auditing judge gave careful consideration to the many objections raised at the audit, and allowed the parties in interest a full and patient hearing, and disposed of the same in a most equitable and just manner.

We see no reason to disturb his findings. The exceptions are dismissed and the adjudication is confirmed absolutely.